**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

CASE:

JOHN MEGGS, JUAN CARLOS GIL, individuals,
and ACCESS 4 ALL, INC., a Florida not-for-profit
Corporation

       Plaintiffs,

v.

LAS VEGAS GRAND PRIX,
INC., a Delaware Corporation

       Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiffs, JOHN MEGGS, JUAN CARLOS GIL and ACCESS 4 ALL, INC., on behalf of

all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, LAS

VEGAS GRAND PRIX, INC. (hereinafter "Defendant"), and as grounds alleges:

<u>JURISDICTION, PARTIES. AND</u>
<u>VENUE</u>

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees,

litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with

Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C.

§ 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, *et seq.*

4.      Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, and is otherwise *sui juris.*

5.      Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris.*

6.      Plaintiff, ACCESS 4 ALL, INC., ("Access") is a non-profit Florida corporation, formed under the laws of the State of Florida.  Access maintains its principal office at 8275 SW 152 Avenue, #316, Miami, Florida 33193.  Members of this organization include individuals with disabilities as defined by the ADA – many of which require the use of a wheelchair to ambulate, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation and public entities are accessible to and usable by the disables and that its members are not discriminated against because of their disabilities.  Plaintiff, Meggs is an officer of Access 4 All, Inc.

7.      At all times material, Defendant, LAS VEGAS GRAND PRIX, INC., was and is a foreign corporation doing business in the State of Nevada and deriving substantial revenue from the State.

8.      Venue is properly located in the District of Nevada because the Formula One race operated by Defendant ("FORMULA ONE HEINEKEN SILVER LAS VEGAS GRAND PRIX") is located in the State of Nevada, Defendant regularly conducts business within Nevada, and because a substantial part(s) of the events, acts, violations or omissions giving rise to these claims occurred in Nevada.

FACTUAL ALLEGATIONS

9.      Although over thirty (30) years have passed since the effective date of Title III of

the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and Event and the businesses therein, including the retail shopping store.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance, including entities which exercise sufficient control of a facility, even temporarily, and further applies to temporary events such as the Formula 1 race operated by Defendant.

12.     Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is an individual with T10 paraplegia who is aa manual wheelchair user and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility. JOHN MEGGS regularly visits Las Vegas several times per year to take in the amenities that only a place like Las Vegas can truly offer.  In doing so, JOHN MEGGS regularly needs to eat, sleep, and get around the city no different from anyone else.  Because Plaintiff requires the use of a wheelchair to ambulate, he has been adversely impacted by the violations of the ADA as set forth herein.

13.     Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, suffers optic nerve damage, is legally blind, suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair.  Plaintiff, JUAN CARLOS GIL, is an advocate for the rights of blind and wheelchair bound disabled individuals

3

(like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities.  Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access.  As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.   JUAN CARLOS GIL regularly visits Las Vegas to take in the amenities that only a place like Las Vegas can truly offer. In doing so, JUAN CARLOS GIL regularly needs to eat, sleep, and get around the city no different from anyone else.

14.      Defendant, LAS VEGAS GRAND PRIX, INC. operates, and oversees the Commercial Properties and Event during the temporary Formula One event, the general parking lots and parking spots specific to the businesses located in Las Vegas, Nevada that are the subject of this Action.

15.      The subject event is open to the public via public ticket sales and Commercial Properties are open to the public and are public accommodations.

16.      Plaintiffs visited the Formula 1 Las Vegas Grand Prix  and the commercial properties as patrons/customers for the 2025 race, visit the commercial property as patrons/customers regularly for other events, and intend to return to the commercial property and attend the 2026 Formula 1 Las Vegas Prix.  Additionally Plaintiff, JOHN MEGGS, also attended the Formula 1 Las Vegas Grand Prix in 2023 and 2024 as well.

17.      Plaintiffs found the Formula 1 Las Vegas Grand Prix event and the  commercial properties under Defendant's control to be rife with ADA violations.  Plaintiffs encountered architectural barriers at the Formula 1 Las Vegas Grand Prix event and commercial property and wish to continue their patronage of the event and use of the premises.

4

18.    Plaintiffs have encountered architectural barriers that are in violation of the ADA at the subject event and commercial property.  The barriers to access at Defendant's event and the commercial properties have each denied or diminished Plaintiffs' ability to visit the event and commercial property and endangered their safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs and others similarly situated.

19.    Defendant own and/or operate a place and event of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

20.    Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described event and commercial property, but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the event and commercial property, in violation of the ADA. Plaintiffs desire to visit the event and commercial property, not only to avail themselves of the goods and services available at this event and commercial property, but to assure themselves that the event and property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the event and property without fear of discrimination.

21.    Defendant has discriminated against the individual Plaintiffs, JOHN MEGGS and JUAN CARLOS GIL, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the event and Commercial Property and other businesses located within the Commercial Property as prohibited by 42 U.S.C. § 12182 et seq.

22.    Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23.    Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiffs encountered during their visit to the Defendant's Event and Commercial Property and businesses within the Commercial Property, include, but are not limited to, the following:

A.  Public Access – Las Vegas Boulevard

i.    Relocated paths of travel, installed grandstands, fences and barriers obstruct accessible routes and spaces required by PROWAG & The 2010 ADA Standards for Accessible Design.

ii.    Ground surfaces contain excessive slopes/cross-slopes, holes and abrupt level changes in and along routes from parking and unloading areas to access the event, supporting amenities Casinos and Guest Room areas violating PROWAG & The 2010 ADA Standards.

iii.    Ramps on LVB and partner properties connecting routes have excessive level changes, slopes/cross-slopes. They lack required handrails/edge protection & top or bottom landings.

iv.    Elevators to pedestrian bridges are disabled by design, obstructed or in constant disrepair.

B.  Parking Access – Las Vegas Boulevard Area

i.      Several partner parking garages are not configured for van accessible spaces with vertical clearance under 98" AFF. Many provided spaces lack compliant signage and/or access aisles.

ii.      Spaces in garages & surface lots not located on direct accessible route to entrances served.

iii.      Valet parking and taxi/ride share pickup/drop-off areas lack required vertical clearance, level loading areas, signage, ground markings and curb ramps to access partner properties.

C.    Harmon Avenue Sidewalk & Parking Access

i.      Harmon Avenue Grandstand disabled parking areas lack proper signage and access aisles and are not on level ground. Van aisles are under 96" wide and/or 98" high vertical access.

ii.      Valet Parking, Taxi & Ride Share pickup/unloading areas are obstructed and/or not on level ground and/or are not part of compliant accessible routes to the race and walkways.

iii.      There are level changes on or at bases of ramps accessing casinos, hotels and public transit.

iv.      Ramps rises over 6" lack proper handrails and drop-off protection on race element routes.

v.      There are improper curb ramps on routes to grandstands and Pedestrian Access Routes lack compliant surfaces, ramps & level landings. Obstructions to sidewalks without required Alternate Pedestrian Access Routes force travel on vehicular ways/unstable ground surfaces.

vi.    There are no Alternate Transit Stops or compliant Pedestrian Access Routes in areas disrupted by race construction preventing access to local stores.

D.  Access to Side Street Walkways & Parking Spaces

i.    Side streets lack compliant accessible parking spaces for cars & vans in race areas.

ii.    Relocated pedestrian routes create conditions including improper lifts, dangerous slopes, cracks, abrupt changes & unstable surfaces to access race viewing areas & local stores.

E.  Koval Ln Access to Grandstand Viewing Areas, Ellis Island Casino, Platinum Hotel & Stores

i.    Side streets lack compliant accessible parking spaces for cars & vans in race areas.

ii.    Relocated pedestrian routes create conditions including improper lifts, dangerous slopes, cracks, abrupt changes & unstable surfaces to access race viewing areas & local stores.

F.  Sands Avenue & The Sphere - Parking & Pedestrian Access Routes

i.    Relocated paths of travel, installed grandstands, fences and barriers obstruct accessible routes and spaces required by PROWAG & the 2010 ADA Standards for Accessible Design.

ii.    Ground surfaces contain excessive slopes/cross-slopes, holes and abrupt level changes in and along routes from parking and unloading areas to access the event, supporting amenities Casinos and Guest Room areas violating PROWAG & The 2010 ADA Standards.

iii.    Ramps on LVB and partner properties connecting routes have excessive level changes, slopes/cross-slopes. They lack required handrails/edge protection & top or

bottom landings.

iv. Elevators to pedestrian bridges are disabled by design, obstructed or in constant disrepair.

G. Entrance Egress

i. Doors & gates accessing ticketed race viewing areas lack the required maneuvering space.

ii. Doors & gates accessing ticketed hospitality areas lack the required maneuvering space.

H. Common Area Spaces

i. Provided tables and bar areas fail to comply with UFAS & 2010 ADA Standards.

ii. Race entry & check-in areas are not located on accessible routes complying with Section 402.

I. Race Area Restrooms

i. Accessible race area restrooms are on obstructed routes failing to comply with the standards.

ii. Water closet locations do not comply with Section 604.

iii. Urinals violate Section 605 in restrooms with more than 1 urinal.

iv. Restrooms lack lighting at night and others have mirrors mounted above 40" AFF.

v. There are no compliant towel and tissue dispensers in restrooms designated accessible.

## COUNT I – ADA VIOLATIONS

24. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

9

25.　　　　Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

26.　　　　The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

27.　　　　The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28.　　　　Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to

discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.    Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.

30.    A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

32.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates its business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time

11

as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.      Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.      Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.      Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II – VIOLATION OF NEVADA ADA

33.      Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

34.      Defendant had prior notice of ADA violations at its Event and the Commercial Properties under its control.

12

35.     Defendant withheld, denied, deprived, and/or attempted to withhold, deny, or deprive Plaintiffs the rights and privileges secured to them by Nevada Revised Statutes 651.70 et seq.

36.     Plaintiffs were and are entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation including Defendant's Event and the Commercial Properties under their control, without discrimination based on their disabilities.

37.     Defendant owed Plaintiffs a legal duty and that legal duty was violated.

38.     Defendant is required to adhere to federal and state laws which prohibit discrimination against individuals with disabilities including but not limited to removal of all architectural barriers.

39.     Plaintiffs suffered injury to their dignity, mental anguish, humiliation, and actual damages which were proximately caused by Defendant's actions or inactions.

**WHEREFORE**, the Plaintiffs respectfully request the Court enter judgment against the Defendant for damages, and Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205, Nevada State Law, and/or other appropriate authority.

Dated: May 6th, 2026                              Respectfully submitted,


/s/ Lee Iglody_____
Lee Iglody
Nev. Bar No. 7757
Iglody Law
2580 St Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: 702-425-5366
lee@iglody.com

/s/ John A. Salcedo
John A. Salcedo
FL Bar No. 14665*
THE MINEO SALCEDO LAW FIRM, P.A.
5600 Davie Road
Davie, FL 33314
Telephone: 954-463-8100
Service@mineolaw.com

*Pro Hac Vice application forthcoming

**ATTORNEYS FOR PLAINTIFFS**

14